UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| SARA M. CARROLL and ANDREW MORENO, | ) |
|---|---|
| Plaintiffs, | ) |
| v. | ) Cause No. 1:19-CV-441-HAB |
| FIRST CHOICE HOUSING, LLC | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Sara M. Carroll and Andrew Moreno, Plaintiffs proceeding pro se, filed a Civil Complaint (ECF No. 1) against First Choice Housing, LLC. Plaintiffs also filed a Motion to Proceed *in forma pauperis* (ECF No. 2). For the reasons set forth below, the Plaintiffs' Motion is DENIED. The Plaintiffs' Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and they are GRANTED additional time to amend their Complaint, accompanied either by the statutory filing fee or another Motion to Proceed *in forma pauperis*. If the Plaintiffs fail to amend their Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiffs.

**A. Discussion**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a).

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the...claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In summary, Plaintiffs' Complaint alleges that Defendant wrongfully had them evicted from their home in February 2019. The exact allegations are difficult to follow, but Plaintiffs

appear to allege that Defendant failed to address issues with the property, misallocated rent payments, and had Plaintiffs' natural gas shut off. Plaintiffs are further aggrieved by the judicial eviction process, during which they claim that Defendant introduced false documents.[1]

Plaintiffs' Complaint does not identify any federal cause of action, nor does it allege facts from which a federal cause of action is evident. Instead, the Complaint appears to be a collateral attack against the eviction proceedings in the Allen County Superior Court. Under the *Rooker-Feldman* Doctrine, this Court does not have jurisdiction to review or reverse orders issued in state court or state administrative proceedings. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002). In essence, the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* "[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). A federal court is free to entertain claims that are independent of any state court proceedings. *Gilbert*, 591 F.3d at 900. Here, however, the Court cannot discern any such independent claims from Plaintiffs' Complaint—at least not any that give fair notice of what the claim is and the grounds upon which it rests. Accordingly, the Court dismisses these claims for failure to state a claim upon which relief can be granted.

Given the foregoing, Plaintiffs' request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the

---

[1] Plaintiffs reference Allen County Superior Court Magistrate Judge Brian Cook in their Complaint, who presided over the eviction case. They have also filed with the Court a Complaint Against Judge filed against Magistrate Cook with the Indiana Commission on Judicial Qualifications (ECF No. 3). Magistrate Cook is not, however, a named defendant in this case.

Plaintiffs until November 29, 2019, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting their amended complaint, Plaintiffs should state the key facts supporting their claim, rather than provide vague recollections. Additionally, Plaintiffs are advised that this Court cannot review the merits of the state court eviction proceedings or alter any judgment handed down in those proceedings. Along with an amended Complaint, Plaintiff must also file a new Motion to Proceed *in forma pauperis* **or** pay the filing fee.

If the Plaintiff does not file an amended complaint by November 29, 2019, the Court will direct the Clerk to close this case. Should they choose, Plaintiffs are permitted to pursue his claims in state court. *See Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010).

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES Plaintiffs' Motion for Leave to Proceed *in forma pauperis* [ECF No.2];

(2) DISMISSES the Complaint [ECF No. 1];

(3) GRANTS the Plaintiffs until November 29, 2019, to file an amended complaint, accompanied by a new Motion to Proceed *in forma pauperis* **or** the filing fee; and

(4) CAUTIONS Plaintiffs that

(a) if they do not respond by the above deadline, this case will be dismissed without further notice;

(b) any amended complaint must specify the manner in which Defendant's actions, or failure to take action, violated Plaintiffs' rights.

SO ORDERED on October 31, 2019.

                                                 s/ Holly A. Brady
                                                 JUDGE HOLLY A. BRADY
                                                 UNITED STATES DISTRICT COURT