UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SARA M. CARROLL and ANDREW MORENO, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Cause No. 1:19-CV-441-HAB<br>) |
| FIRST CHOICE HOUSING, LLC, RICK HARDESTY, and KARA LINDSAY, | )<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Sara M. Carroll and Andrew Moreno, Plaintiffs proceeding pro se, filed an Amended Civil Complaint (ECF No. 5) against First Choice Housing, LLC, Rick Hardesty, and Kara Lindsay. Plaintiffs also filed a second Motion to Proceed *in forma pauperis* (ECF No. 6). For the reasons set forth below, the Plaintiffs' Motion is DENIED. The Plaintiffs' Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a).

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the...claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

Here, Plaintiffs' initial Complaint was dismissed by this Court in its Opinion and Order dated October 31, 2019. This Court found that Plaintiffs' initial Complaint was little more than a collateral attack against eviction proceedings in the Allen County, Indiana Superior Court, and therefore this Court had no jurisdiction under the *Rooker-Feldman* doctrine. (ECF No. 4).

Plaintiffs' Amended Civil Complaint largely cures the *Rooker-Feldman* issue, but comes no closer to invoking this Court's jurisdiction. In essence, the Amended Civil Complaint alleges that the Defendants exercised "self-help/constructive eviction" by shutting off the utilities to Plaintiffs' rental home in violation of Indiana Code § 32-31-5-6(c)(3). Whether or not these allegations are true, they do not present a claim "arising under the Constitution, law, or treaties of the United States," such that federal question jurisdiction exists under 28 U.S.C. § 1331. Nor is this a case where a state law claim implicates significant federal issues, invoking "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Instead, by all appearances this case is a run-of-the-mill landlord-tenant dispute arising under state law. Regardless of how such a dispute is framed, it cannot invoke the jurisdiction of this Court. *See*, *e.g.*, *TI Inv'rs of Wis., LLC v. XFPG, LLC*, 2013 WL 3731756 (E.D. Wis. July 15, 2013). Moreover, there are no allegations in the Amended Civil Complaint that would invoke diversity jurisdiction under 28 U.S.C. § 1332. Indeed, because virtually the same allegations are currently pending as a counter-claim in an Indiana small claims court (*see* Allen County, Indiana Superior Court Cause No. 02D03-1909-SC-12449), a court with a jurisdictional limit of $6,000.00, Ind. Code § 33-29-2-4(b)(1), it would seem impossible for Plaintiffs to establish the required jurisdictional amount.

This Court has already given Plaintiffs one opportunity to re-state their claim in a way that would invoke the jurisdiction of this Court. Plaintiffs have failed in that task, and this Court can see no way in which a federal case can be made out of the facts alleged in either the initial Civil Complaint or the Amended Civil Complaint. Accordingly, no further amendments will be permitted.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (ECF No. 6); and

(2) DISMISSES the Amended Civil Complaint (ECF No. 5); and

(3) DISMISSES this case with prejudice.

SO ORDERED on December 16, 2019.

                                             s/ Holly A. Brady
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT